UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 5:23-CR-00002-JLT-CDB |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO STAY EXECUTION OF SENTENCE PENDING APPEAL |
| v. | |
| JIMMY L. NEWMAN, | (Doc. 14) |
| Defendant. | |

Pending before the Court is the motion of Defendant Jimmy L. Newman to stay execution of his sentence pending appeal of that sentence to the assigned district judge, filed March 25, 2024. (Doc. 14). Given that Defendant represents in his motion that Plaintiff United States of America ("government") "does not take a position on the potential stay of sentence" (*id.* at 2) and given that Defendant is scheduled to self-surrender for service of sentence before the time within which the government otherwise could file an opposition, the Court deems the matter submitted and rules as follows.

**Background**

Defendant initially was charged in this case by citation alleging a violation of 43 Code of Federal Regulations § 8365.1-4(b)(2) [Possession of Controlled Substance on Public Lands]. *See* No. 5:23-po-00323-CDB (Doc. 1). According to the citation, the offense occurred on July 27, 2023, when Defendant was found in possession of methamphetamine in the area of Lake Isabella, California,

which constitutes public lands administered by the U.S. Bureau of Land Management. *Id.* Defendant made his initial appearance in this Court on November 7, 2023, during which he was advised of his rights, the charge and maximum penalties, and his right to proceed before a U.S. district judge. (Doc. 3). Defendant waived his right to proceed before a U.S. district judge, was deemed eligible for the appointment of counsel, was appointed counsel through the Office of Federal Defender, and entered a not guilty plea. *Id.* On December 4, 2023, Defendant was charged by a superseding information with the same offense. No. 5:23-cr-0002-CDB (Doc. 1). Defendant was arraigned on the information and entered a not guilty plea on February 6, 2024. (Doc. 2).

On March 5, 2024, Defendant entered a plea of guilty to the sole offense charged and requested to proceed with immediate sentencing. (Doc. 5). Prior to accepting his guilty plea, among other things, the Court advised Defendant that it retained the discretion to sentence Defendant up to the statutory maximum penalty – which the Court reiterated was 12 months incarceration and a $100,000 fine – notwithstanding any sentencing recommendation made by the parties because the Court was not a party to any plea agreement. Defendant acknowledged he understood and wished to proceed with entering his plea.

Prior to imposing sentence, the Court received and reviewed the parties' joint sentencing submission in which the parties agreed upon the applicable U.S. Sentencing Guidelines offense level and sentencing range. (Doc. 4). During sentencing, the Court acknowledged its agreement with the parties' calculation of the total offense level but expressed its view that Defendant's criminal history should be one point higher than the parties estimated as Defendant was on probation when he committed the offense. *See* USSG 4A1.1(e). Counsel for Defendant acknowledged that the Court's understanding of the relevant timeline concerning Defendant's August 2020 state court conviction resulting in a three-year term of probation during which he committed the instant offense was "accurate." As neither party raised a material objection to the Court's modification of the applicable Guidelines range, the Court adopted the parties' estimated Guidelines calculation but increased Defendant's criminal history score under USSG 4A1.1(e), which did not otherwise change the applicable sentencing range of 0 to 6 months because Defendant's criminal history category remained IV.

Following its receipt and consideration of the parties' sentencing arguments and its imposition of sentence – including a 45-day term of incarceration, $500 fine, $25 special assessment and a 12-month term of probation following Defendant's service of sentence – the Court permitted Defendant to self-surrender approximately 30 days later, on April 2, 2024. (Docs. 5, 6).

On March 20, 20224, Defendant timely filed a notice of appeal of the sentence imposed to the district judge. (Doc. 11). On March 25, 2024, Defendant filed the pending motion to stay sentence pending appeal.

**Governing Law**

A defendant convicted and sentenced to a term of incarceration must be detained pending appeal unless he satisfies several criteria. In addition to demonstrating that he is neither a flight risk nor danger to the community, he must establish that his appeal is "not for the purpose of delay." 18 U.S.C. § 3143(b)(1). Additionally and relevant here, the appeal must "raise[ ] a substantial question of law or fact likely to result in … (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(A)–(B). *See, e.g., United States v. Hecht Rojas*, No. 1:17-cr-0016-DAD-SAB, 2018 WL 3655669, at *1 (E.D. Cal. July 31, 2018) (reciting standard).

The defendant bears the burden of showing he has raised a "substantial question of law or fact" under § 3143. *United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990). "A 'substantial question' is one that is 'fairly debatable,' or 'fairly doubtful.'" *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (internal citations omitted). The question must be "one of more substance than would be necessary to a finding that it was not frivolous." *Id*. (citation omitted). Under *Handy*, the defendant "need not [ ] present an appeal that will likely be successful, only a non-frivolous issue that, if decided in the defendant's favor, would likely result in" reduction of a reduction or elimination of a custodial sentence imposed. *United States v. Garcia*, 340 F.3d 1013, 1021 n.5 (9th Cir. 2003) (citing *Handy*, 761 F.2d at 1280). "Even if the defendant's appeal presents a substantial question, however, courts should grant bail only if it is likely that a decision favorable to the defendant would result in reversal

or a new sentence." *United States v. Martinez*, No., 2022 WL 16639280, at *1 (E.D. Cal. Nov. 2, 2022) (citations omitted).

**Discussion**

Here, Defendant has not identified in his motion papers *any* question of law or fact he intends to present on appeal, let alone any issue that he argues presents a "substantial question" that could be fairly debated, may result in a reduced sentence, and, thus, may warrant release pending appeal. As such, this Court is unable to assess whether release is warranted and, moreover, is left to question whether Defendant even has carried his burden in the first instance to establish his appeal is "not for the purpose of delay." 18 U.S.C. § 3143(b)(1).

In all events, based on the record, the Court finds it highly unlikely Defendant could identify any such issue warranting a stay of the execution of sentence.  To begin with, to preserve a claim of error, parties must object at the time a court makes its ruling or order. Fed. R. Crim. P. 51(b).  Here, notwithstanding that the Court advised counsel early during the sentencing hearing that it "could not disagree more" with the parties' position that a non-custodial sentence was appropriate, Defendant raised no objections either before or following imposition of sentence that the Court's sentencing was erroneous.  Because Defendant presented no objections during the sentencing, the reviewing court is bound to review the sentence under an extremely deferential standard.

Moreover, the Court adopted the parties' Sentencing Guidelines calculation with a minor modification neither party objected to and that, in all events, had no bearing on the resulting sentencing range.  The Court acknowledged it considered the § 3553(a) factors and remarked how it balanced the nature and circumstances of the offense against Defendant's characteristic and extensive criminal history involving drug abuse.  Upon its own review of the record, the Court can discern no "substantial question" warranting a stay of the self-surrender date and execution of sentence.

**Conclusion and Order**

Because Defendant has failed to carry his burden of demonstrating that the appeal presents any question likely to be resolved in his favor, or that any such favorable resolution of an appeal likely would result in non-custodial sentence, Defendant's motion to stay execution of sentence (Doc. 14) is **HEREBY DENIED**. *See, e.g., Martinez*, 2022 WL 16639280, at *2 (denying defendant's motion for

4

release pending appeal; finding "this Court cannot say that his appeal presents a substantial question of law or fact" and that any successful appeal "would not be likely to result in reversal or re-sentencing"); *United States v. Bole*, No. 2:11-cr-00505 KJN, 2012 WL 3778883, at *6 (E.D. Cal. Aug. 31, 2012) (denying defendant's motion for release pending appeal due to his failure to demonstrate a "fairly debatable" issue for appeal).

IT IS SO ORDERED.

Dated: __March 28, 2024__                    _____
                                              UNITED STATES MAGISTRATE JUDGE