UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff-Respondent,<br><br>     v.<br><br>JIMMY NEWMAN,<br><br>           Defendant-Appellant. | No.  5:23-cr-00002 JLT<br><br>ORDER REVERSING AND VACATING THE SENTENCE AND REMANDING THE MATTER FOR RE-SENTENCING<br><br>(Doc. 11) |

Jimmy Newman plead guilty to one count of possession of a controlled substance in violation of 43 C.F.R. § 8365.1-4(b)(2). The Magistrate Judge sentenced him to 45 days in custody and probation for a term of 12 months. As the government now concedes, the Court cannot impose jail time *and* probation on a single charge. Thus, the Court **REVERSES** and **VACATES** the sentence and **REMANDS** the matter for re-sentencing.

**I.     Background**

While on public lands administered by the Bureau of Land Management, on July 27, 2023, Mr. Newman was found to possess controlled substances. (Doc. 1) Mr. Newman plead guilty to the charge and in connection with that plea, the government and Mr. Newman filed a joint memo setting forth their guideline calculation. (Doc. 4) Part of the document detailed Mr. Newman's criminal history, which included two felonies and three misdemeanors. *Id.* at 2-3. The parties calculated that Mr. Newman's criminal history placed him in a criminal history category

1

1    IV. The parties also represented that the base offense level was 6, but with a 2-level reduction for

2    acceptance of responsibility and with a a 2-level variance to avoid unwarranted disparities, the.

3    total offense level would be 2. *Id*. at 1-3. The parties agreed that this resulted in a guideline range

4    of 0 to 6 months. *Id*. at 3. Even still, the parties recommended 12 months of unsupervised

5    probation, a fine, a special assessment and that he attend NA meetings or a drug treatment

6    program. *Id*. at 3.

7        At the change-of-plea hearing, Judge Baker engaged in a plea colloquy with Mr. Newman,

8    accepted his plea and found him guilty of the offense. (Doc. 19 at 3-8) Mr. Newman agreed to

9    proceed to immediate sentencing. *Id*. at 8.

10       Judge Baker noted that the applicable base offense level was 6 and agreed that Mr.

11   Newman was entitled to a 2-level reduction for acceptance of responsibility. (Doc. 19 at 8-9)

12   However, Judge Baker explained that he had reviewed the online records of the Kern County

13   Superior Court, and that Mr. Newman was on probation at the time he committed the July 2023

14   offense. *Id*. at 10. From review of these online records, Judge Baker determined that Mr. Newman

15   was placed on probation—for a period of three years—no later than August 2020, such that when

16   he was found on federal land with narcotics in July 2023, he would still have been on probation.

17   *Id*. at 10. The court observed that this extra point did not impact his criminal history category

18   calculation, however,

19       In response, Mr. Newman's counsel, Ms. Myers, noted that there was no information as to

20   whether Mr. Newman's probation had been terminated early. (Doc. 19 at 9) Even still, the

21   attorney for the government and Ms. Myers agreed that Judge Baker's timeline was "accurate. *Id*.

22   Judge Baker agreed, implicitly, that the total offense level was was $2^1$ and the criminal history

23   category was IV, resulting in a guideline range of "zero to six months." *Id*. at 10-11.

24       The government argued that probation was appropriate, given that Mr. Newman had not

25   violated probation since 2018 and based upon other sentences imposed for similar conduct. (Doc.

---

[1] Apparently, in calculating the offense level, Judge Baker included a 2-level reduction, while concurrently considering the § 3553(a) factor related to avoiding unwarranted disparities.  Notably, however, the Court is obligated to first calculate the correct total offense level before it turns to determining whether the evidence supports that a variance should be allowed.

19 at 11-12) Ms. Myers argued similarly and reported that Mr. Newman had been treated recently for colon cancer, though his condition was in remission, and had been in the hospital the night before for a severe migraine, caused by a blood clot in his right eye. *Id*. at 12. All of this, she argued justified the recommended sentence of probation.

Judge Baker disagreed and noted that the joint statement did not detail Mr. Newman's extensive criminal history, while noting the online records of the Kern County Superior Court demonstrated a criminal history extending 20 years. (Doc. 19 at 12-14) After hearing the argument of counsel and Mr. Newman's comments, Judge Baker sentenced him to 45 days in custody followed by a 12-month term of probation[2]. *Id*. at 19-21. Judge Baker ordered Mr. Newman to attend Narcotics Anonymous one time per week for three months, in addition and to pay a fine and aspecial assessment. *Id*. Mr. Newman did not object that the sentence was improper.

**II.   Analysis**

The Court agrees with the government (Doc. 26 at 3-4) and Mr. Newman (Doc. 25 at 5-6) that Judge Baker committed plain error in sentencing Mr. Newman to both incarceration and probation in this case. 18 USC § 3561(a).

Mr. Newman argues that Judge Baker erred in considering extra-judicial information in formulating his sentence. (Doc. 25 at 6-11) The government argues that deciding this issue is unnecessary and notes that the Court may ask for additional information from the United States Probation Office. (Doc. 26 at 3-4) In general, courts do not gather evidence. In criminal cases, this restraint is keenly important, to afford the defendant the process and protections he is due.[3]

With this in mind, the Court **ORDERS**:

1. The judgment of the Court sentencing Mr. Newman to both incarceration and

---

[2] The Court suspects that Judge Baker may have meant to order supervised release following the jail time, but because he repeatedly said "probation" and the judgment and commitment orders "probation," the Court must find that the sentence impose was improper.

[3] On the other hand, the Court is obligated to the defendant and to the public to formulate a sentence that is both fair and reasonable and, in doing so, to consider the factors set forth in 18 U.S.C. § 3553(a). Incomplete or misleading information jeopardizes the fairness of this process to both the defendant and the public.

probation is **REVERSED**. The sentence is **VACATED**, and the matter is **REMANDED** for purposes of resentencing. At the time of resentencing, if Judge Baker has insufficient information in the record to adequately evaluate the circumstances, the Court may request the assistance of the United State Probation Office or the parties to complete the record.[4]

IT IS SO ORDERED.

Dated:   **August 29, 2024**

UNITED STATES DISTRICT JUDGE

---

[4] Due to the short-staffed nature of the United States Probation Office and the impacts this has on those convicted of significantly more serious offenses, the Court hopes that the government and the defense would provide sufficient information in the future, including, for example, a copy of the "rap" sheet, if they choose not to provide a complete criminal history.